UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

JABARI KADAR LONG,

        Defendant.

_____/

Case: 2:25-cr-20579
Judge: McMillion, Brandy R.
MJ: Grand, David R.
Filed: 07-30-2025 At 04:07 PM
USA V SEALED MATTER (LG)

Violations:  18 U.S.C. § 1349
                18 U.S.C. § 1343
                18 U.S.C. § 1957

## INDICTMENT

The Grand Jury charges:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant Jabari Kadar Long was a resident of the Eastern District of Michigan.

2. Long was the owner of Priceless Preservations Constructions ("Priceless Preservations"), a purported business in the Eastern District of Michigan that performed home improvements and structural remodeling.

3. Long maintained and controlled a bank account ending in X26941 in the name of Priceless Preservations Construction at Community

Choice Credit Union, a federally insured financial institution based in Michigan.

**The Small Business Administration and the CARES Act**

4. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assistance in the economic recovery of communities after disasters.

5. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders that had government-backed guarantees. The SBA also provided direct loans.

6. In or around March 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted to provide emergency financial assistance to the millions of Americans suffering the economic effects caused by the COVID-19 pandemic. The CARES Act established several new programs and provided for expansion of others, including programs created and/or administered by the SBA.

## The Paycheck Protection Program

7.     The Paycheck Protection Program ("PPP") was a COVID-19 pandemic relief program administered by the SBA, that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating lenders to approve and disburse SBA-backed PPP loans to qualifying businesses during the COVID-19 pandemic to be used for certain specified business expenses, such as payroll costs, costs related to the continuation of group health care benefits, utilities, and lease/mortgage interest.

8.     To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation. The PPP loan application also required the authorized representative to state the business's average monthly payroll and number of employees. These figures were used to calculate the amount of money the business was eligible to receive under the PPP. In addition, the business applying for

a PPP loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

9. PPP loan applications were electronically submitted and were received through SBA servers. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the participating lender to a financial account under the control of the business.

10. LCA Bank Corp was a federally insured financial institution based in Utah. LCA Bank Corp was a participating PPP lender.

## The Economic Injury Disaster Loan Program

11. The Economic Injury Disaster Loan ("EIDL") program was an SBA program that provided loans to help qualifying small businesses that suffered substantial economic injury recover from declared disasters.

12. The CARES Act extended eligibility in the SBA's EIDL program by providing loans and advances to help businesses recover from the economic impacts of the COVID-19 pandemic.

13. In order to obtain an EIDL for COVID-19 relief, a qualifying business was required to submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenue for the 12-month period preceding the disaster, and cost

of goods sold in the 12-month period preceding the disaster. The applicant was also required to certify that all the information in the application was true and correct to the best of the applicant's knowledge.

14. EIDL applications were submitted directly to the SBA.

15. The SBA also offered EIDL advance funds, which did not need to be repaid, to certain eligible small businesses that were affected by the COVID-19 pandemic. The Targeted EIDL Advance provided up to $10,000 to applicants who, among other things, were in a low-income community, could demonstrate more than 30% reduction in revenue during an eight-week period beginning on March 2, 2020, or later, and had 300 or fewer employees. The Supplemental Targeted Advance provided a supplemental payment of $5,000 to applicants who, among other things, were in a low-income community, could prove more than 50% economic loss during an eight-week period beginning on March 2, 2020, or later, and had 10 or fewer employees.

**COUNT ONE**
18 U.S.C. § 1349
*Conspiracy to Commit Wire Fraud*

16. From on or about May 7, 2020 through on or about March 2021, in the Eastern District of Michigan, Southern Division, defendant Jabari

Kadar Long and other individuals, both known and unknown to the Grand Jury, did willfully and knowingly combine, conspire, confederate, and agree with each other to violate Title 18, United States Code, Section 1343, that is, to devise and execute a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, and the defendant and others transmitted and caused to be transmitted, by means of wire, radio, and television communication, writings, signals, pictures, and sounds in interstate and foreign commerce for the purpose of executing such scheme and artifice, all in violation of Title 18, United States Code, Section 1349.

## Purpose of the Conspiracy

17. The purpose of the conspiracy was for the defendant and others to illegally obtain money through applications for PPP and EIDL funds by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud and with knowledge of the scheme's fraudulent nature. To execute the scheme, the defendant and others attempted to file, filed, and caused the filing of materially false

applications and requests for PPP and EIDL funds, which they were not entitled to receive, to unjustly enrich themselves and others.

## Manner and Means

18. The manner and means by which the defendant and others sought to accomplish the purpose of the conspiracy included, among others, the following:

19. It was part of the scheme and artifice that the defendant submitted PPP and EIDL applications that fabricated or inflated the number of employees that were employed by the purported business that was applying for the PPP or EIDL funds.

20. It was part of the scheme and artifice that the defendant falsely attested that the information presented in the applications for PPP and EIDL funds, including the number of employees purportedly employed by the business, was true and accurate.

21. It was further part of the scheme and artifice that the defendant caused the transmission of information and funds via interstate wires in connection with the false applications for PPP and EIDL funds.

22. As part of the scheme and artifice to defraud, on or about May 13, 2020, the defendant caused to be submitted a false and fraudulent PPP loan application to lender LCA Bank Corp. (LCA), and the SBA on

behalf of Priceless Preservations, requesting $2,187,500. The defendant electronically signed the false and fraudulent PPP loan application as the owner and authorized representative of Priceless Preservations.

23. As part of the scheme and artifice to defraud, in support of the PPP loan application, the defendant caused to be made the false and fraudulent claim that Priceless Preservations had 50 employees, when in truth and fact Priceless Preservations had few, if any, employees.

24. As part of the scheme the scheme and artifice to defraud, in support of the PPP loan application, the defendant caused to be made the false and fraudulent claim that Priceless Preservations had an average monthly payroll of $875,000, when in truth and fact Priceless Preservations had little to no payroll expenses.

25. As part of the scheme and artifice to defraud, in support of the PPP loan application, the defendant caused to be submitted false Form 940s, Employer's Annual Federal Unemployment Tax Returns, for 2019 and 2020, as well as false Form 941s, Employer's Quarterly Federal Tax Returns, for the first, second, and third quarters of 2020. In these documents, the defendant falsely claimed that Priceless Preservations had 50 employees.

26. Based on the representations in the application and the supporting materials, a PPP loan was authorized for Priceless Preservations in the amount of $2,187,500, which was electronically transferred on or about May 18, 2020, into the Priceless Preservations bank account ending in X26941 at Community Choice Credit Union.

27. In the PPP loan application, the defendant certified that the loan proceeds would be "used only for business-related purposes as specified in the loan application." But it was part of the scheme and artifice to defraud that the defendant used the loan proceeds for purposes contrary to the business-related purposes specified in the loan application.

28. It was part of the scheme and artifice that the defendant sought to spend significant amounts of the PPP proceeds shortly after receipt. On or about May 21, 2020, the defendant electronically transferred $300,000 of the PPP proceeds to another bank account in his name. On May 21, 2020, June 9, 2020, and June 9, 220, the defendant electronically transferred a total of $60,000 to a bank account in a co-conspirator's name.

29. It was part of the scheme and artifice that on or about June 12, 2020, the defendant submitted or caused to be submitted to the SBA, via the internet, a materially false EIDL application for Priceless

9

Preservations. The defendant's affirmation that the information presented in the EIDL loan application was true and accurate was false. The SBA approved the loan and on June 15, 2020, the Community Choice Credit Union account ending in X26941 in the name of Priceless Preservations received $150,000.

30.   On January 27, 2021, the defendant submitted a second draw PPP application to the SBA for Priceless Preservations. The second draw application was flagged for fraud and denied.

## COUNT TWO
18 U.S.C. § 1343
*Wire Fraud Affecting a Financial Institution*

31.   Paragraphs 1 through 30 are realleged and incorporated as if fully set forth here.

32.   On or about May 13, 2020, in the Eastern District of Michigan, Southern Division, the defendant, Jabari Kadar Long, having devised and intended to devise a scheme and artifice to defraud, and for obtaining money by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, for the purpose of executing and attempting to execute the scheme and artifice to defraud, which affected

a financial institution, to wit: the defendant provided false information, such as false tax forms, to obtain funds from a financial institution and caused the submission of a false PPP loan application to obtain funds from a financial institution through the SBA's PPP program for Priceless Preservations, and caused the transmission of electronic signals and messages on interstate wires in connection with the electronic transfer of PPP loan funds from outside the State of Michigan into the Priceless Preservations bank account ending in X26941 at Community Choice Credit Union, opened and maintained in the Eastern District of Michigan.

33. All in violation of Title 18, United States Code, Section 1343.

### COUNT THREE
18 U.S.C. § 1957
*Money Laundering*

34. Paragraphs 1 through 33 are realleged and incorporated as if fully set forth here.

35. On or about November 23, 2020, in the Eastern District of Michigan and elsewhere, the defendant, Jabari Kadar Long, knowingly engaged and attempted to engage in a monetary transaction by and through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000; that is, a

wire transfer of $40,000 in PPP and EIDL loan proceeds from the Community Choice Credit Union account ending in X26941, held in the name of Priceless Preservations, to a Navy Federal Credit Union account ending in x1658, held in the name of Jabari Long, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, as set forth in Count One.

36. All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATIONS

37. The allegations contained in this Indictment are realleged and incorporated by reference to allege forfeiture under Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(1), and Title 28, United States Code, Section 2461(c).

38. Upon being convicted of the offense in violation of Title 18, United States Code, Section 1343, the defendant shall forfeit to the United States, under Title 18, United States Code, Section 981(a)(1)(C), together with Title 28, United States Code, Section 2461, any property, which constitutes, or is derived from, proceeds obtained directly or indirectly as a result of such violation.

39. Upon being convicted of the offense in violation of Title 18, United States Code, Section 1957, the defendant shall forfeit to the United States, under Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

40. The forfeiture in this case may include entry of a forfeiture money judgment in an amount up to the value of the property subject to forfeiture for the violation of conviction.

41. If, by any act of omission of the defendant, the proceeds of the offense: cannot be located upon the exercise of due diligence, have been transferred, sold to, or deposited with a third party, have been placed beyond the jurisdiction of the court, have been substantially diminished in value, or have been commingled with other property which cannot be divided without difficulty, the United States of America shall seek to forfeit substitute property under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

                                                  THIS IS A TRUE BILL.

                                                  s/Grand Jury Foreperson
                                                  GRAND JURY FOREPERSON

JEROME F. GORGON JR.
United States Attorney

s/John K. Neal
John K. Neal
Chief, Anti-Corruption Unit

s/Sara D. Woodward
Sara D. Woodward
Assistant U.S. Attorney

July 30, 2025

| United States District Court<br>Eastern District of Michigan | Criminal Case Co | Case: 2:25-cr-20579<br>Judge: McMillion, Brandy R.<br>MJ: Grand, David R.<br>Filed: 07-30-2025 At 04:07 PM<br>USA V SEALED MATTER (LG) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes   ☒ No | AUSA's Initials: S.D.W. |

Case Title: USA v. Jabari Kadar Long

County where offense occurred: Wayne

Check One:    ☒ Felony    ☐ Misdemeanor    ☐ Petty

   ✓ Indictment/____ Information --- no prior complaint.
   ____ Indictment/____ Information --- based upon prior complaint [Case number:                    ]
   ____ Indictment/____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

Superseding to Case No: _____    Judge: _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
|  |  |  |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

July 30, 2025
Date

s/ Sara D. Woodard
Sara D. Woodward
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9180
Fax:   313-226-2873
E-Mail address: sara.woodward@usdoj.gov
Attorney Bar #: P73784

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.